UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENYON CLINTON,

        Plaintiff,

v.

P. DUBY et al.,

        Defendants.

Case No. 1:18-cv-1114

Honorable Robert J. Jonker

_____/

# **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's claims against all Defendants under the Eighth Amendment, Plaintiff's claims for damages under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and Plaintiff's official capacity claims under the First Amendment. Only Plaintiff's First Amendment claim for damages raised against the Defendants in their individual capacities and Plaintiff's claim for declaratory relief under RLUIPA survive.

## Discussion

I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Michigan. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee, Michigan. Plaintiff sues ECF Chaplain P. Duby; ECF Trinity Food Service Supervisors D. Landis and J. Florran; and ECF Trinity Food Service Director D. Nalbach. Plaintiff sues each Defendant in his individual and official capacity.

Plaintiff alleges that he transferred in to ECF on January 24, 2017. The next day he sent kites to Defendant Duby and the food service notifying them that he was approved for the religious vegan diet. Plaintiff never received a response. Two weeks later, after a food service worker told Plaintiff that the computer indicated Plaintiff should receive a regular tray, Plaintiff wrote the chaplain again.

Eventually Defendant Duby responded by writing a notice of intent to remove Plaintiff from the religious diet list because Plaintiff had been taking a regular tray. On March 27, 2017, Assistant Residential Unit Supervisor/Prisoner Counselor conducted an administrative hearing on the notice. Brinkley recommended that Defendant Duby provide Plaintiff counseling regarding the religious diet. The "counseling" occurred that day and Defendant Duby documented that Plaintiff was approved for the religious vegan diet.

During July of 2017, Plaintiff was moved to segregation because of a misconduct determination. He kited the food service, several times, to ensure that he would receive his religious meals. He heard from the Trinity Food Service Defendants that they were not required to respond to kites and that his name did not appear on the updated religious meal list. Plaintiff

grieved the Defendants. On October 13, 2017, he sent a kite to Defendant Duby asking that Duby inform the food service that Plaintiff was approved for the religious vegan diet. On October 17, 2017, he began to receive his religious vegan meals again.

Plaintiff contends that the Defendants substantially burdened the free exercise of his religion during January, February, March, July, August, September, and October of 2017, because they played some role in denying him his approved religious vegan meal, thereby violating Plaintiff's rights under the First Amendment and RLUIPA. Moreover, Plaintiff claims that the denial of the meals caused, and continues to cause, health problems such that Defendants' actions constitute cruel and unusual punishment in violation of Plaintiff's rights under the Eighth Amendment. Plaintiff seeks a declaration that the conduct described above violated his rights and an award of compensatory and punitive damages.

    II.    <u>Failure to State a Claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. First Amendment and RLUIPA

Plaintiff claims that each Defendant, by interfering with Plaintiff's religious diet, violated his rights under the First Amendment and RLUIPA. The First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Accordingly, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348,1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Plaintiff has sufficiently alleged his sincerely-held religious beliefs. The next consideration is "whether the challenged practice of the prison officials infringes on the religious belief . . . ." *Kent*, 821 F.2d at 1224-25. A practice will not be considered to infringe on a prisoner's free exercise unless it "places[s] a substantial burden on the observation of a central religious belief or practice . . . ." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *see also Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015) (McKeague, J., dissenting) ("To violate the First Amendment, the diet must impose a substantial burden on the inmate's exercise of religion.").

"[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. "'[A] 'substantial burden' must place more than an inconvenience on religious exercise.'" *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult . . . ." *Id.*

5

The analysis of Plaintiff's RLUIPA claim parallels the analysis of his free exercise claim. In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). The term "religious exercise" "includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7).

The phrase "substantial burden" is not defined in RLUIPA. The Sixth Circuit Court of Appeals has relied upon the Act's legislative history to conclude that the term has the same meaning under RLUIPA as provided by the Supreme Court in "free exercise" decisions. *Living Water*, 258 F. App'x at 733-34. Accordingly, a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citations omitted); *Cutter v. Wilkinson,* 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise); *Marshall v. Frank*, 2007 WL 1556872, at *5 (W.D. Wis. May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)) (a substantial burden is one which renders religious exercise "effectively impracticable").

A burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise," *see, e.g., Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005), or does not "pressure the individual to violate his or her religious beliefs." *Living Water*, 258 F. App'x at 734. Such conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as

such would render meaningless the word "substantial." *See Civil Liberties for Urban Believers*, 342 F.3d at 761.

Under the First Amendment or under RLUIPA, Plaintiff must allege that his religious exercise has been substantially burdened. Plaintiff's contends that his religious exercise has been substantially burdened because he was forced to choose between religious adherence and an adequate diet. Plaintiff has adequately alleged a substantial burden. Although Plaintiff has adequately alleged the elements of a First Amendment claim and a RLUIPA claim, the relief he seeks is not available against these Defendants in their official capacities under § 1983 and the damages remedy he seeks is not available under RLUIPA.

Plaintiff may not maintain a §1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be

sued under §1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Plaintiff has not sued the MDOC or the State of Michigan; but, he has sued these Defendants in their official capacity. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of Corrections. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). For that reason, an official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989).

Even though official-capacity damages suits are barred, an official-capacity action seeking declaratory or injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The *Ex Parte Young* exception, however, is limited. It applies only to prospective relief. *Green v. Mansour*, 474 U.S. 64, 68-73 (1985).

Plaintiff's request for declaratory relief is not prospective. He has been transferred to another facility. A prisoner's transfer to a new facility moots a claim for injunctive or declaratory relief arising from the particular conditions of confinement at the former prison. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013). It certainly deprives such a claim of any prospective force, particularly here where Plaintiff does not allege that the issues continue at LMF. Because Plaintiff does not seek <u>prospective</u> declaratory relief, his official capacity claims are barred by the Eleventh Amendment. Accordingly, the Court will dismiss Plaintiff's First Amendment claims raised against the Defendants in their official capacities.

Plaintiff's claims for damages under RLUIPA fail because damages are not available as a remedy. With respect to damages, the Sixth Circuit, like other circuits, has held that RLUIPA does not permit recovery of damages from state prison officials in their individual capacities. *Haight*, 763 F.3d at 570 (citing *Washington v. Gonyea*, 731 F.3d 143, 145-46 (2d Cir. 2013); *Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th Cir. 2012); *Sharp v. Johnson*, 669 F.3d 144, 153 (3d Cir. 2012); *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 186-89 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007)). Monetary damages are also not available against the Defendants in their official capacities because such relief is barred by the Eleventh Amendment. RLUIPA permits the recovery of "appropriate relief against a government[.]" 42 U.S.C. § 2000cc-2(a). "Appropriate relief," however does not include monetary damages. In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Accordingly, the Court will dismiss Plaintiff's claims for damages under RLUIPA.

IV. <u>Eighth Amendment</u>

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial

9

of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). But, the Constitution "does not mandate comfortable prisons[.]" *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims))). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations fall short with respect to the objective and subjective components of his Eighth Amendment claim. First, Plaintiff does not complain that Defendants denied him adequate nutrition; he claims they denied him nutrition that complied with his religious practices. Moreover, Plaintiff does not allege that Defendants knew that Plaintiff suffered a substantial risk of serious harm. To the contrary, Plaintiff alleges that Defendants knew or should have known that Plaintiff was on the approved list to receive a religious vegan tray. Plaintiff, however, does not deny that he was not on the list provided to Trinity Food Services. Under those circumstances, the Trinity Food Service Defendants would not be expected to infer the existence of a substantial risk of serious harm to Plaintiff from the delivery of regular food trays. Moreover, Plaintiff does not allege that Defendant Duby knew Plaintiff was not on the list and, thus, was not receiving his religious vegan meals. Once Plaintiff notified Defendant Duby of that fact, (October 13, 2017 Kite, ECF No. 1-1, PageID.29), Defendant Duby confirmed Plaintiff was on the list, and Plaintiff began to receive the religious vegan diet. Plaintiff's allegations, therefore, fail to state a claim that any of these Defendants proceeded with a sufficiently culpable state of mind.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth Amendment claims, First Amendment claims against Defendants in their official capacity, and RLUIPA claims for damages, will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment claims for damages under § 1983 against the Defendants in their individual capacities and his RLUIPA claims for declaratory relief survive.

An order consistent with this opinion will be entered.


Dated:   October 24, 2018         /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE