UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

| | |
|---|---|
| KENYON CLINTON, # 364567, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-1114 |
| v. | ) |
| | ) Honorable Robert J. Jonker |
| CHAPLAIN PAUL DUBY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The lawsuit arises out of conditions of plaintiff's confinement at the Oaks Correctional Facility. The defendants are Chaplain Paul Duby and three former Trinity Food Service (Trinity) employees. Plaintiff alleges that defendants violated his First Amendment rights and his statutory rights under RLUIPA.[1] Plaintiff has not achieved service of process on the former Trinity employees.[2] Plaintiff alleges that, on January 25, 2017, he sent a kite (informal complaint) to Chaplain Duby stating that he had been approved for a religious vegetarian diet and that the chaplain failed to inform Trinity.

---

[1] All other claims have been dismissed. (ECF No. 7, 8).
[2] On August 13, 2019, the Court entered an order directing Trinity to provide the U.S. Marshals Service with additional information for the purpose of effectuating service. (8/13/19 Order, ECF No. 28).

The matter is before the Court on Chaplain Duby's motion for partial summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 20).[3] Plaintiff did not file a response. For the reasons set forth herein, I recommend that the Court grant Chaplain Duby's motion for partial summary judgment and dismiss all plaintiff's claims against him, except the First Amendment and RLUIPA claims excluded from defendant's motion.

### **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[3] Chaplain Duby is not seeking summary judgment on plaintiff's First Amendment and RLUIPA claims that he was denied a religious vegan meal from July 5 to October 9, 2017. (Def. Brief, 10, ECF No. 21, PageID.113).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the

plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Chaplain Duby has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion

is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly

exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[4] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[4]A copy of the policy directive is found in the record. (*See* ECF No. 21-2, PageID.118-24).

## Relevant Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) during the period at issue.[5] (Compl. ¶ 4, ECF No. 1, PageID.2). Chaplain Paul Duby was an MDOC employee at ECF during the same period. (*Id.* at ¶ 5, PageID.2).

Plaintiff filed a number of grievances, and he pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 21-3, PageID.126-81). One grievance is related to plaintiff's claims against Chaplain Duby; accordingly, it warrants further discussion.

On October 20, 2017, ECF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ECF-2017-10-3517-20Z. (ECF No. 21-3, PageID.140). The grievance is set forth below:

> This grievance is on MDOC ECF Chaplain Duby for violation of my U.S. Constitutional rights to practice my religion, cruel and unusual punishment, violation of MDOC Policy Directives 05.03.150, 02.03.107, 02.03.107 [sic] and 03.03.130 for failing to inform Trinity Food Service that I am approved for religious vegan meals. I have been approved since 11/25/08 and I have never signed off nor have I been removed by Special Activities Director in Lansing for any violations of my religious practices. From 7/5/17 to 10/9/17 I was not provided my religious meal[s] causing me to not be able to practice my religion, which has denied me not only food, but health issues such as high blood pressure and high cholesterol increase. This is due to Trinity Food Service stating the chaplain did not have me on the approved list that Trinity had so they could not give me my meal. Any misconducts, notice of intents, segregation, or tampering with my religious beliefs will be deemed retaliation.

---

[5] Plaintiff's complaint is verified under penalty of perjury and is considered as his affidavit in opposition to Chaplain Duby's motion for partial summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

(*Id.*).

Plaintiff's grievance was denied on the merits at Step I. An October 17, 2017, kite was the first that Chaplain Duby received from plaintiff, and he was placed on the list to receive vegan meals "as soon as he notified the Chaplain." (*Id.* at PageID.141). The denial of plaintiff's grievance was upheld at Steps II and III. (*Id.* at PageID.137-39).

## Discussion

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Chaplain Duby does not contest that Grievance No. ECF-2017-10-3517-20Z exhausted plaintiff's First Amendment and RLUIPA claims that he was denied a religious vegan meal from July 5 to October 9, 2017. (Def. Brief, 10, ECF No. 21, PageID.113).

Plaintiff did not file a brief in response to Chaplain Duby's motion for partial summary judgment. His pleading merely states that Grievance No. ECF-2017-10-3517-20Z "present[s] facts relating to [his] complaint." (Compl. ¶ 44, PageID.11). I find that plaintiff did not exhaust any claims other than the claims excluded from Chaplain Duby's motion for partial summary judgment.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant Chaplain Duby's motion for partial summary judgment (ECF No. 20) and dismiss all plaintiff's claims against him, except the First Amendment and RLUIPA claims excluded from defendant's motion.

Dated:   September 1, 2019              /s/  Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).