UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYON CLINTON,

    Plaintiff,

v.

PAUL DUBY, et al.,

    Defendants.

_____/

CASE No. 1:18-cv-1114

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff is a Michigan prisoner who says the named defendants violated his First Amendment Free Exercise rights, and RLUIPA by failing to provide him with his approved vegan diet from July 5 to October 17 of 2017 while he was serving time in segregation based on a misconduct conviction.[1] Defendants Duby, Nalbach and Florian moved for summary judgment, and the Report and Recommendation advises this Court to grant the defense motion. (ECF No. 80).[2] Plaintiff filed objections to that recommendation. (ECF No. 83).

---

[1] Plaintiff says he was also denied a vegan diet from January 24 to March 27 of the same year, but plaintiff agrees this portion of the claim was not exhausted. Accordingly, all parties agree that any claims for this time period must be dismissed without prejudice.

[2] The Report and Recommendation notes that defendant Landis was never served, and that dismissal without prejudice is mandated under FED. R. CIV. P. 4(m), unless plaintiff shows good cause for the delay. Though plaintiff objected to other portions of the Report and Recommendation, he did not object to this or endeavor to show good cause for any delay. Service was thereafter effected on defendant Landis, and this defendant filed a motion to dismiss for lack of timely service. (ECF No. 89). Plaintiff has not responded to the Motion. Dismissal without prejudice is warranted on this record.

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 80) and Plaintiff's Objection to the Report and Recommendation (ECF No. 83). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

All parties agree that plaintiff is approved to receive a vegan diet for religious reasons. In fact, the summary judgment record demonstrates that defendant Duby (the Chaplain) notified food service continuously through the plaintiff's segregation period that plaintiff was approved for the vegan diet. For some unexplained reason, plaintiff's name did not come up in the computer for a time, and so he did not receive the vegan diet. It was ultimately plaintiff who called the problem to MDOC's attention. And as soon as he did, the problem was corrected, which is exactly how the grievance system is supposed to work.

The moving defendants have presented sworn statements and other evidence demonstrating that whatever the ultimate reason for the mistake, it did not have anything to do with them.  In this kind of case, individual liability depends on findings of individual culpability. These individual defendants are accountable for their own misconduct, but they are not legally responsible for the mistakes of their subordinates, or for a systematic mistake not of their own making.  Plaintiff was unable to make any showing in response to the defense motion that put a material issue of fact in genuine dispute as to these defendants.  It is certainly regrettable that plaintiff did not receive his approved vegan diet for some of his segregation stay.  But the prompt correction of the problem following receipt of his grievance underscores that this was by mistake, not design.  And moreover, the mistake cannot rationally be connected on this record to any of these defendants.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 80) is **APPROVED and ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Duby's Motion for Summary Judgment (ECF No. 64) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Florian and Nalbach's Motion for Summary Judgment (ECF No. 72) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Landis' Motion to Dismiss (ECF No. 89) is **GRANTED** to the extent specified in this Order.  Plaintiff's claims against Defendant Landis are **DISMISSED WITHOUT PREJUDICE.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **CLOSED.**


Dated:   March 9, 2021             /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE